**In re: ACCELR8 TECHNOLOGY CORP. SECURITIES LITIGATION**

Nos. CIV.A. 00–K–938, CIV.A. 00–K–1129, CIV.A. 00–K–1176, CIV.A. 00–K–1268, CIV.A. 00–K–1291, CIV.A. 00–K–1610.

United States District Court, D. Colorado.

May 17, 2001.

---

6. Again, only the Housing Authority is a defendant under this claim.

Charles Walter Lilley, Lilley & Garcia, LLP, Denver, CO, Jeffrey C. Block, Norman Berman, Berman, DeValerio & Pease, Boston, MA, for Plaintiff.

David A. Zisser, Berliner, Zisser, Walter & Gallegos, P.C., Denver, CO, for Defendant.

## ORDER DENYING MOTION TO DISMISS

KANE, Senior District Judge.

This securities fraud class action is before me on Defendant Accelr8 Technology Corp.'s (Accelr8) Motion to Dismiss. Plaintiffs brought this shareholder class action in the District of Colorado, alleging

that Defendant, Accelr8 Technology Corp. ("Accelr8"), a Denver-based computer software company, issued a series of materially false and misleading statements regarding their business and financial conditions. Plaintiffs allege these statements were issued intentionally to inflate the trading price of Accelr8 and caused them each financial loss. They assert claims for relief under Section 10(b) of the Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 of the Securities and Exchange Commission as well as Section 20(a) of the Exchange Act of 1934, 15 U.S.C. § 78t(a).

### BACKGROUND.

During the class period, Defendant Accelr8's product line included software and services designed to control the dreaded "Y2k bug." (Compl.¶ 2). The product at issue was marketed as the Navig8 2000 Toolset. (*Id.*). A component of the tool set, the "analyzer engine," was designed only to analyze code written for computers manufactured by the Digital Equipment Corporation (DEC). (*Id.*). Despite the limited applicability of the software, Accelr8's officers represented to the public that the program was available to multiple systems, including UNIX and NT environments. (Compl.¶ 45). These public representations took place through the filing of the company's Form 10–KSB for the fiscal years ending July 31, 1997 and 1998, and press releases beginning in December 1997 and continuing throughout 1998. (Compl.¶¶ 55–60).

On November 16, 1999 the SEC filed a complaint against Accelr8 alleging violations of Section 10(b) of the Exchange Act. (Compl.¶ 113). The following day, the NASDAQ halted trading of the company's securities at the rate of $1⅝₆. (Compl.¶ 117). On November 22, 1999 the company's auditors resigned and declared the firm no longer felt they could rely on the representations of Accelr8's management. (Compl.¶ 115). In addition, plaintiffs allege the officers of Accelr8 materially overstated the Company's revenue by improperly recognizing fees relating to licensing and maintenance and by understating their expenses by failing to amortize their capitalized software development costs. (Compl.¶¶ 76, 87, 92–101.)

### DISCUSSION.

Defendants, Accelr8 Technology Corp., have moved to dismiss this class action lawsuit brought against them under Section 10(b) of the Securities Exchange Act of 1934, for failure to state a claim upon which relief can be granted, as authorized by FED. R. CIV. P. 12(b)(6). In general, the notice pleading standards set forth at FED. R. CIV. P. 8(A) are sufficient to withstand a motion to dismiss under FED. R. CIV. P. 12(b)(6) but when such motions involve claims of fraud the heightened standards of FED. R. CIV. P. 9(b) apply.

Although the particularity requirement of FED. R. CIV. P. 9(b) does not usually extend to elements involving the condition of a person's mind, Congress has established heightened pleading standards for securities fraud allegations. Under the Private Securities Litigation Reform Act (PLSRA), Congress extended the particularity requirement both to allegations of the defendant's state of mind and to allegations of misleading statements or omissions. 15 U.S.C. § 78u–4(b). However, pleading with particularity does not require the plaintiff to include in his complaint detailed evidentiary matter. *See Schwartz v. Celestial Seasonings, Inc.,* 124 F.3d 1246, 1248 (10th Cir.1997). The purpose of Rule 9(b) is to give notice to the defendants of the fraudulent statements for which they are alleged to be responsible. (*Id.*). The purpose of the PLSRA is to prevent an onslaught of expensive and frivolous lawsuits when stock prices plummet, which could force corporations to set-

tle meritless claims to avoid the expense of discovery and trial.

 To state a claim under Rule 10b–5, a plaintiff must allege: (1) a misleading statement or omission of a material fact; (2) made in connection with the purchase or sale of securities; (3) with intent to defraud or recklessness; (4) reliance; and (5) damages. *Grossman v. Novell, Inc.,* 120 F.3d 1112, 1118 (10th Cir.1997). For any claim alleging fraud, the circumstances constituting fraud or mistake must be stated with particularity. FED. R. CIV. P. 9(b). The PSLRA elucidated the particularity standard and added a specific requirement that averments of intent meet a heightened pleading standard. 15 U.S.C. § 78u–4(b).

 A plaintiff meets the particularity requirement under the PSLRA by specifying each statement alleged to have been misleading and the reason or reasons why the statement is misleading. 15 U.S.C. § 78u–4(b)(1), *applied in Angres v. Small-worldwide PLC,* 94 F.Supp.2d 1167, 1173 (D.Colo.2000). If an allegation regarding the statement or omission is made on information and belief, the complaint must state with particularity all facts on which that belief is based. *Id.* The state of mind requirement is met when a plaintiff, with respect to each act or omission alleged to violate the securities fraud statutes, "state[s] with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id.,* § 78u–4(b)(2).

The instant motion fails because Plaintiffs have made sufficient specific factual allegations to support their claim under Rule 9(b), as augmented by the PSLRA. The circumstances involving the fraud have been pled with particularity, allegations giving rise to a strong inference of scienter have been made, and Plaintiffs have alleged sufficient facts to suggest their damages were caused by the acts or omissions of the Defendants.

A. *Plaintiffs have alleged with specificity that Defendants are responsible for issuing materially misleading statements.*

 The purpose of the particularity requirement is to ensure defendants are given adequate notice of the statements or omissions for which Plaintiffs allege they are responsible. In this circuit, this means a "complaint must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz,* 124 F.3d at 1252. "Identifying the individual sources of statements is unnecessary when the fraud allegations arise from misstatements or omissions in group-published documents such as annual reports, which presumably involve actions of corporate directors or officers." *Id.* at 1254.

1. *Plaintiffs allege Defendants published inaccurate and materially misleading statements concerning the applicability of the Navig8 2000 Toolset and omitted to publish material facts revealing its limited application.*

 Plaintiffs allege Defendants overstated the capabilities of their product. Specifically, they quote the company's Form 10–KSB for fiscal years 1997 and 1998 which tout the Navig8 2000 Toolset as a product which will "facilitate timely and cost effective Year 2000 assessment and remediation across *multiple language environment* of DEC Legacy Systems and UNIX environments." (Emphasis added.) Plaintiffs assert that in reality, the toolset could not operate in multiple language environments and therefore these statements were materially misleading.

Plaintiffs further claim these statements were repeated in several press releases over PR NEWSWIRE. For example, on De-

cember 2, 1997, Plaintiffs allege a statement was issued claiming:

> Accelr8 provides the only *multiple language solution* for DEC/VMS users as well as UNIX and NT environments. Accelr8's Navig8 2000 tools are able to process VMS COBOL, VMS BASIC, VMS FORTRAN, C, C++, VISUAL BASIC, VMS DCL AND VMS FMS, based on sophisticated powerful parsing and compiler technology.

(Emphasis added.) Viewed in the light most favorable to Plaintiffs, these statements meet the particularity requirement of the PSLRA.

In addition, Plaintiffs allege Defendants failed to disclose material facts, which their press releases rendered mandatory. Specifically, they did not reveal that the Toolset does not work on the multiple language environments of UNIX or NT, that BASIC, COBOL, and FORTRAN, analyzers were only designed and tested for use on the DEC hardware and software, or that the Visual BASIC and C++ engines were not yet completed and had never been tested.

Plaintiffs offer specific allegations that Defendants' statements and omissions were materially false and misleading. They allege the statements misrepresent Accelr8's ability to handle orders for Navig8 2000 software from companies without regard to their operating systems and Defendant's claims overstated their potential market. These misrepresentations possibly could have been avoided had Defendants revealed the facts alleged to have been omitted, or simply had not professed capabilities beyond those they knew they possessed.

*2. Plaintiffs allege Defendants issued inaccurate and misleading financial statements.*

■ Plaintiffs' second argument, that Defendants issued inaccurate and misleading financial statements, turns on their assertion that Defendants did not follow Generally Accepted Accounting Principles (GAAP). This failure allegedly caused Defendants improperly to recognize revenue relating to licensing and maintenance fees, and to understate their expenses by failing to amortize capitalized software development costs. Plaintiffs allege these inaccurate reports constitute material misrepresentation of Accelr8's financial condition.

Plaintiffs plead these claims with particularity. They include detailed analysis of an agreement with Intel Corporation, in which they claim Accelr8 improperly recognized license revenue. They allege Accelr8's Form 10–KSB overstated the company's pre-tax income by six percent as a result of improperly recognizing maintenance revenue and license fees on at least 31 software sales. Finally they allege Accelr8 improperly failed to amortize its capitalized software development costs by not expensing the costs until after the first sale of the product. Plaintiffs conclude these improper accounting methods resulted in overstatement of the company's net income by nearly 20% in press releases and filings with the SEC.

Plaintiffs have alleged specific instances of Accelr8's material misstatement of the company's financial condition. According to plaintiffs, these statements are not mere corporate optimism, or forward looking statements, they are misstatements of the company's current financial condition.

■ Defendant argues the requirements of GAAP have been satisfied and therefore no material misrepresentations were made. GAAP is not a set of established rules but rather a system of guidelines in which companies may chose among alternative systems of filing. *See Thor Power Tool, Inc. v. Commissioner of Internal Revenue* 439 U.S. 522, 544, 99 S.Ct. 773, 58 L.Ed.2d 785 (1979). This type of factual argument would be appropriate in

a motion for summary judgment but will not be considered at the pleading stage, where plaintiffs' allegations must be accepted as true and viewed in the most favorable light.

B. *Plaintiffs have alleged with specificity facts giving rise to a strong inference that Defendants acted with intent to defraud or recklessness.*

 *1. Internal warnings against overstatement.*

Plaintiffs allege Defendants were aware of the limited applicability of their software at the time their misleading statements were published. Plaintiffs allege that an internal memorandum was circulated among the individual Defendants from the company's Vice President of Engineering and Development, expressing the limitations of the Toolset and summarizing: "The use of Navig8 2000 on applications written for the UNIX or the PC platforms is a crapshoot." They further allege there is sworn testimony of Accelr8 Vice President/Director of Sales to the SEC to support their allegation.

■■■ Defendants deny these allegations give rise to a strong inference of any affirmative intent to defraud. In this circuit, however, the requisite state of mind or "scienter" for a 10b–5 claim is supported "by a showing of recklessness, or conduct which falls far short of the standard of ordinary care and which carries a danger of misleading purchasers such that petitioners knew or must have known of its propensity to mislead." *C.E. Carlson, Inc. v. SEC,* 859 F.2d 1429, 1435 (10th Cir. 1988). Plaintiff's factual allegations are sufficiently detailed and specific to give rise to a strong inference of scienter under the *Carlson* standard.

 *2. Supervision of accountants.*

■■■ In support of their allegations that Accelr8's officers acted with recklessness or intent to defraud investors as to the financial condition of the company, Plaintiffs point to the SEC complaint against Acceler8, which survived a motion to dismiss. They further allege the company's auditing firm stated they were no longer able to rely on the representations of Accelr8's officers and the firm decided to stop representing the company. Viewed in the light most favorable to Plaintiffs, these allegations, at a minimum, give rise to a strong inference of recklessness on the part of Accelr8's officers in their representations to the public as to the financial condition of the company.

C. *Plaintiffs' allegations give rise to a presumption of reliance for purposes of* Fed. R. Civ. P. 12(B)(6).

■■■ The Supreme Court has recognized the "fraud on the market" theory, which creates a rebuttable presumption of reliance in securities fraud cases. *See Basic Inc. v. Levinson,* 485 U.S. 224, 241–5, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988). The presumption rests on the theory that investors rely on the integrity of an efficient market, which rapidly incorporates all relevant information available to the public and reflects the information in its valuation of stock. When a misstatement or omission artificially inflates the value of a stock, it is presumed purchasers have relied on the market to their detriment.

■■■ Plaintiffs who invoke the "fraud on the market theory" have the burden of establishing the securities were traded on an efficient market. *See Stat–Tech Liquidating Trust v. Fenster,* 981 F.Supp. 1325, 1346 (D.Colo.1997), *applied in In re Ribozyme Pharmaceuticals, Inc. Securities Litigation,* 119 Fed. Supp.2d 1156, 1164 (D.Colo.2000). "The factors that identify an efficient market are (a) a large weekly trading volume; (b) the existence of a significant number of reports by

securities analysts; (c) the existence of market-makers and arbitrageurs in the security; (d) the eligibility of the company to file an S-3 Registration Statement; and (e) a history of immediate movement of the stock price caused by unexpected corporate events or financial releases." *Id.* No bright-line rule exists as to how many factors must be plead before a plaintiff is entitled to the presumption of reliance. *Ribozyme* at 1164 (citing *Cammer v. Bloom,* 711 F.Supp. 1264, 1287 (D.N.J.1989))(illogical to draw bright line tests to assist fact finders in determining whether a stock trades in an "open and efficient market.").

It is undisputed the common stock of Accelr8 traded on the NASDAQ. Plaintiffs allege the stock had a large weekly trading volume averaging 322,000 shares, which Plaintiffs assert were actively traded by thousands of persons during the class period and suggest the first "fraud on the market" factor can be established. The second factor, Plaintiffs contend, is met because at least two analysts published reports concerning the company. In support of the fifth factor, Plaintiffs allege and claim to be prepared to present evidence showing the market to have been responsive to Defendants' representations.

Defendants argue these allegations are insufficient to entitle Plaintiffs to the presumption requested, and urge the dismissal of Plaintiffs' claim. The question of reliance, however, involves detailed factual inquiry and is rarely amenable to resolution under a motion to dismiss standard. Defendants cite *Stat–Tech* as support for their position, but *Stat–Tech* addressed a motion for summary judgment, a more appropriate vehicle for considering inadequacies of factual claims.

D. *Plaintiffs have adequately plead damages.*

Plaintiffs allege Defendants' misleading statements caused Acceler8 to trade at artificially inflated prices. They further allege when the SEC filed its complaint publicizing these same fraud allegations, the stock price plummeted and was halted at 1⁵⁄₁₆, down from a class period high of $27. Defendants argue this decline predates the disclosure of the fraud and therefore no causal relationship can be established.

While Defendants' arguments on the questions of causation and damages appear more meritorious than certain other of their arguments, it is not Plaintiffs' burden to prove loss causation in their pleadings. Defendants support their argument for dismissal on this issue upon precedents from other jurisdictions not binding upon this court. It is sufficient at this stage of the proceedings that Plaintiffs have alleged they have suffered damage and this damage was caused by the misleading statements of the Plaintiffs.